UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JAMES CURETON,
                Petitioner,         NOT FOR PUBLICATION
                                        **MEMORANDUM & ORDER**
   -against-                          16-CR-00023-CBA-1
                                        19-CV-03125-CBA
UNITED STATES OF AMERICA,       23-CV-05942-CBA
                Respondent.
------------------------------------------------------------x

**AMON, United States District Judge:**

On July 29, 2024, Petitioner James Cureton ("Cureton") filed the instant motion for relief for fraud on the Court pursuant to Fed. R. Civ. P. 60(d)(3). Because the Federal Rules of Civil Procedure do not apply to this criminal case and, construing Cureton's motion as a habeas petition, it is a second or successive petition, I lack jurisdiction over his motion, and I must dismiss it.

## BACKGROUND

On June 22, 2016, a jury returned a verdict finding defendant James Cureton guilty of firearm-related murder, drug-related murder, and possession of heroin with intent to distribute. (ECF Docket Entry ("D.E.") ## 72, 72-1.) Cureton was sentenced to two concurrent terms of 312 months in prison for the firearm and drug-related murder charges, to run concurrently with a 240-month term for the possession of heroin with intent to distribute. (D.E. # 145.) Cureton subsequently made three motions: (1) a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (D.E. # 151); (2) a motion to stay the pending § 2255 petition pending resolution of his direct appeal (D.E. # 162); and (3) a motion for a new trial (D.E. # 164). On June 17, 2021, I denied each of these motions. (D.E. # 177.) On August 4, 2023, Cureton filed an additional motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and a motion to appoint counsel. (D.E. # 187.)

1

I certified his motion to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. The Second Circuit denied Cureton's motion to permit a second or successive habeas petition under 28 U.S.C. § 2255(h). (D.E. # 189.) Cureton filed the instant motion to vacate his conviction pursuant to Fed. R. Civ. P. 60(d)(3) on July 29, 2024. (D.E. # 190 ("Mot.").)

## DISCUSSION

Cureton's motion seeks to vacate his convictions "for FRAUD ON THE COURT . . . Pursuant to Fed. R. Civil P. 60(d)(3)." (Mot. 1.) Federal Rule of Civil Procedure 60 does not apply to criminal cases. United States v. Konny, 463 F. Supp. 3d 402, 403-04 (S.D.N.Y. 2020) (citation omitted). Instead, a motion to vacate a criminal conviction properly sounds in habeas corpus under 28 U.S.C. § 2255.[1] Enrique Santiago v. United States, 385 F. Supp. 3d 209, 211 (S.D.N.Y. 2019); see also United States v. Rivera, No. 20-11628, 2024 WL 983122, at *5-6 (11th Cir. Mar. 7, 2024) (construing Fed. R. Civ. P. 60(d)(3) claim as habeas petition); (see also D.E. # 194 at 3 (collecting cases).) As such, I will treat the instant motion as a habeas petition under § 2255.

28 U.S.C. § 2255(h) contains strict requirements for filing successive habeas petitions. The statute requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain (1) newly discovered evidence . . . or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). The Second Circuit declined to certify Cureton's August 4, 2023 motion to vacate. (D.E. # 189.)

---

[1] Cureton's motion could properly be advanced under Fed. R. Civ. P. 60 if he were challenging the habeas proceeding itself, rather than the merits of the conviction. See Harris v. United States, 367 F.3d 74 (2d Cir. 2004). It is plain that Cureton challenges the integrity of the conviction on the merits, so he cannot advance a Rule 60 motion. (See Mot. 3 ("The Defendant's indictment and conviction was based on FRAUD ON THE COURT"), 12-13 (challenging the conviction on double jeopardy grounds), 16 ("For the reasons stated above, the conviction and sentence should be REVERSED and a new trial ordered").) If I construed Cureton's motion as a request for a new trial, it would be untimely, filed eight years after his conviction at trial. Fed. R. Crim. P. 33(b).

2

Case 1:16-cr-00023-CBA    Document 195    Filed 01/14/25    Page 3 of 3 PageID #: 3127

Cureton's instant motion to vacate is also a second or successive motion that has not been certified by a panel of the Second Circuit as required by § 2255(h). Ordinarily, when a second or successive petition made pursuant to § 2255 is filed in a district court without the requisite authorization by the Second Circuit, the district court should transfer the motion to the Second Circuit. See Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996). "If the court determines, however, that this Circuit has already decided the issues presented in a successive motion, it can simply dismiss the motion." Harris v. United States, 522 F. Supp. 2d 199, 203 (D.D.C. 2007) (citing Cephas v. Nash, 328 F.3d 98, 104 n.5 (2d Cir. 2003)). Because the Second Circuit has denied Cureton permission to file a second or successive petition for habeas relief, and Cureton's instant motion advances the same claims as his second habeas petition (D.E. # 187), I decline to transfer it to the Second Circuit. Brown v. United States, No. 13-cv-7937 (LAP), 2014 WL 12909140, at *2 (S.D.N.Y. Jan. 7, 2014) (dismissing pro se motion that sounded in habeas after the Second Circuit denied certification to advance a second or successive petition); accord Spence v. Faucher, No. 3:17-cv-1595 (CSH), 2022 WL 959362 (D. Conn. Mar. 30, 2022); Golston v. Bell, No. 9:20-cv-621 (BKS), 2020 WL 5074019, at *3 (N.D.N.Y. Aug. 27, 2020). If Petitioner wishes to pursue this § 2255 application, he may seek permission directly from the Second Circuit. Brown, 2014 WL 12909140, at *2.

SO ORDERED.

Dated: January 14, 2025
Brooklyn, New York

/s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge